# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-385-23 |
| DORIAN WOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On August 31, 2021, Defendant and 23 other co-defendants were charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute 400 grams or more of fentanyl, 280 grams or more of crack cocaine, a quantity of cocaine, a quantity of heroin and a quantity of fluorofentanyl, in violation of 21 U.S.C. § 846, for conduct occurring from in and around August 2019 and continuing until in and around August 2021. (Docket No. 3). On September 17, 2021, Defendant was arraigned, pled not guilty to the charge and waived a detention hearing. (Docket Nos. 276, 278, 282). Since that time, he has remained detained at the Butler County Prison.

On May 25, 2022, Defendant filed a Motion for Furlough to Attend Funeral, in which he requests to be furloughed from custody to attend his maternal aunt's funeral service, which is scheduled to occur on May 28, 2022 in Braddock, Pennsylvania. (*See* Docket No. 737). The Government opposes Defendant's request, arguing that he has not carried his burden to show that he should be granted temporary release. (*See* Docket No. 741). In accordance with the Court's order, the Government included in its response the position of the United States Pretrial Services Office and the United States Marshals Service ("USMS"). Pretrial Services defers to its original

recommendation of detention which was contained in the Pretrial Services Report prepared in Defendant's case, and the USMS opposes Defendant's request to attend the funeral in person. (*See id.* at 2). As a Deputy United States Marshal explained, the USMS no longer performs escorted furloughs due to security breaches. (*Id.*).

Initially, although Defendant does not identify in his Motion the applicable provision of the Bail Reform Act pursuant to which he seeks temporary release from custody, the Court presumes that he seeks release under 18 U.S.C. § 3142(i). Pursuant to that section:

> The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***

18 U.S.C. § 3142(i) (emphasis added). In moving for temporary release, the burden rests with Defendant to demonstrate that such release is warranted. *See United States. v. Wilburn*, 2:18-cr-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020) (explaining burden rests with movant to show that § 3142(i) permits his temporary release). To sustain his burden, Defendant must demonstrate the presence of two factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and (2) that he could be released to the custody of the United States marshal or another appropriate person. *See United States v. Williams*, 2:20-cr-81, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020).

As to the first factor, Defendant suggests that his request to attend his aunt's funeral service is a compelling reason for temporary release. The Court is sympathetic to the circumstances of Defendant's request to attend his aunt's funeral service; however, "an examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." *Williams*, 2020 WL 4431565, at *2 ("When the court interprets 'compelling reason', it

2

should do so against the backdrop of the Bail Reform Act as a whole.").  An examination of dangerousness and risk of flight counsel against temporary release here.  Defendant is charged with a serious drug trafficking offense, which carries a term of not less than ten years and up to life imprisonment if he is convicted.  As the Government highlights in its Response and as outlined in the Pretrial Services Report, Defendant poses both a risk of danger to the community and a risk of non-appearance.  He has been charged twice each with escape, resisting arrest, and fleeing or attempting to elude law enforcement, he has been charged with drug related offenses six times, he has a pending firearms case in state court, he has been charged with new offenses while on bail or probation on multiple occasions, and he has failed to appear for court on four occasions. Accordingly, given the information available to the Court, Defendant has not demonstrated that attending his aunt's funeral service is a compelling reason warranting his temporary release under § 3142(i).  *See id.* at *3 (finding that the defendant failed to demonstrate that request to attend funeral was a compelling reason warranting his temporary release under § 3142(i)).

While the above analysis is sufficient reason to deny Defendant's request for temporary release, Defendant also has failed to establish that the second factor of § 3142(i) is satisfied.  As noted, the USMS no longer performs escorted furloughs, thus Defendant must demonstrate that temporary release to "another appropriate person" is proper.  Defendant submits that his sister will drive him from the Butler County Prison to the funeral service and back, he will remain in his sister's presence at all times, he will not engage in criminal activity, he will not use any controlled substances or alcohol, and he will not visit any location other than the funeral home and cemetery. While Defendant's sister is no doubt well-intentioned, she has not been vetted by Pretrial Services, nor would there be time to do so given the timing of Defendant's Motion and the funeral.

Furthermore, the mere fact that Defendant's sister is willing to transport him to and from the funeral service and serve as his custodian does not mean that she could adequately supervise an individual who is charged with an extremely serious drug trafficking offense and who has a criminal history as outlined above.

In sum, the Court understands that Defendant's desire to attend his aunt's funeral service led him to seek temporary release. However, the Court must also consider his danger to the safety of the community, the risk of non-appearance and the terms of any temporary release.[1]  Those considerations weigh strongly against Defendant's temporary release in this case.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 26th day of May, 2022, IT IS HEREBY ORDERED that Defendant's Motion for Furlough to Attend Funeral (Docket No. 737) is DENIED.

s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
 United States Marshal
 United States Pretrial Services

---

[1]     Additionally, Defendant has not demonstrated that temporary release from the Butler County Prison is warranted for the purpose of attending a funeral in Braddock, Pennsylvania, which is located in Allegheny County, during the ongoing COVID-19 pandemic, given that his temporary release plan does not include any necessary precautions to be taken due to the pandemic during his release or upon re-entry to the population at the Butler County Prison.     See     https://covid.cdc.gov/covid-data-tracker/#county-view?list_select_state=Pennsylvania&data-type=CommunityLevels&list_select_county=42003     (last visited May 26, 2022) (noting that Allegheny County's community level currently is "medium," and recommending the following actions based on this level: "[s]tay up to date with COVID-19 vaccines.  Get tested if you have symptoms.  Wear a mask if you have symptoms, a positive test, or exposure to someone with COVID-19.  Wear a mask on public transportation.  You may choose to wear a mask at any time as an additional precaution to protect yourself and others.  If you are at high risk for severe illness, consider wearing a mask indoors in public and taking additional precautions.").